**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SAIM SARWAR,**

                **Plaintiff,**

   vs.                                                    8:20-CV-1387
                                                         (TJM/ATB)

**LAKE PLACID HOTEL PARTNERS, LLC,**
A New York Corporation,

                **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## ORDER

Plaintiff Saim Sarwar filed a Complaint in this action on November 10, 2020. See dkt. # 1. The Complaint, brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, et seq., alleges that Plaintiff is an individual with a disability as defined by the ADA. Id. at ¶ 1. Plaintiff's disability limits his ability to walk and use his hands, and he frequently uses a wheelchair to get about outside the home. Id. He requires accessible handicap parking spaces close to the entrance of any facility he visits. Id. He also needs space and a smooth ramp to get from his parking space to the building. Id. Once inside the building, the Plaintiff requires that fixtures and amenities like faucets, doorknobs, and sinks be at an appropriate height and arrangement so that he can use them. Id.

Plaintiff alleges that he serves as a "tester" of public facilities on behalf of himself

1

and other similarly situated persons. Id. at ¶ 2. His aim is to "[assert] his civil rights and [monitor], [ensure] and [determine] whether places of public accommodation and their websites are in compliance with the ADA." Id.

Defendant allegedly owns the Hotel North Woods Ascend Hotel Collection in Lake Placid, New York. Id. at ¶ 3. That property is a place of lodging. Id. Plaintiff alleges that Defendant is required by the ADA and federal regulations to ensure accessibility for people with disabilities. Id. at ¶ 6. Those regulations include requirements for hotels that take reservations by phone or on-line to provide information about accessibility for disabled people and to hold accessible rooms for people who need them. Id. at 7. Plaintiff alleges that Defendant takes on-line reservations "through one or more websites." Id. at ¶ 9. Federal regulations, Plaintiffs contends, cover these websites. Id.

Plaintiff visited a number of websites on which Defendant's hotel rooms were advertised before commencing the instant action. Id. at ¶ 10. The websites did not comply with the requirements in the federal regulations. Id. Websites on which the hotel advertised "did not identity or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessibility at the hotel." Id. These failings, Plaintiff claims, "infringe" his "right to travel free of discrimination and deprive him of the information required to make meaningful choices for travel." Id. at ¶ 13. As a result, he "has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website." Id. These violations have "contribute[d] to Plaintiff's sense of isolation and segregation and deprive[d] Plaintiff [of] the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public." Id. The failings of the online reservation

system undermine Plaintiff's ability to use the hotel or find a hotel that meets his needs as a person with a disability. Id.

Plaintiff's Complaint seeks declaratory judgment and injunctive relief under the ADA and the New York State Human Rights Law ("NYSHRL"), NYS Ex. Law § 296(2)(a). Plaintiff also seeks damages, attorneys fees, costs, and expenses.

The Court issued summons when Plaintiff filed the Complaint. See dkt. # 2. Plaintiff served the Complaint on Defendant on November 12, 2020. See dkt. # 4. When Defendant failed to answer the Complaint, Plaintiff requested that the Clerk of Court enter default. See dkt. # 6. The Clerk of Court entered default on December 10, 2020. See dkt. # 7.

Plaintiff then filed the instant motion for default judgment. See dkt. # 14. Plaintiff seeks an order from the Court mandating that Defendant bring its websites into compliance with the ADA, attorneys fees, costs, and expenses, including expert fees. Id.

"[D]efault judgment is an extreme remedy that should only be granted as a last resort." Bravado Int'l Group Merich. Servs. v. Ninna, Inc., 655 F.Supp.2d 177, 186 (E.D.N.Y. 2009). Whether to grant a motion for default judgment is "left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). Courts favor resolving cases on the merits, and "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id. at 96.

Plaintiff's default judgment motion provides the Court with a recitation of the facts of the case and proof of the entry of default. Plaintiff also explains in some detail the

3

injunctive relief sought.  The Court will grant this relief, as detailed below.  The Plaintiff's Complaint states clearly the basis of the claim and the relief sought.  Defendant did not answer the Complaint, and the Clerk has entered default.  Under those circumstances, granting the relief sought is appropriate in that respect.

The Plaintiff's motion for default judgment also states that the Plaintiff seeks attorneys fees and costs.  The Court agrees that such fees and costs are available to a party who prevails under the ADA, and will grant the motion as far as the claim for such relief goes.

The Court will deny the motion with leave to renew, however, when it comes to the amount of fees and costs sought.  Plaintiff's filing contains no evidence to support any claim for fees or costs of any kind.  Though the Court is to "[accept] as true all well pleaded allegations against a defaulting defendant for purposes of determining liability," the Plaintiff is still required to present evidence to establish the amount of damages. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009).  Thus, "the quantum of damages must be established by proof unless the amount is liquidated or susceptible to mathematical computation."  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).  Though "'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Bravado, 655 F.Supp.2d at 190 (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988)).  Instead, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum."  Fustok, 122 F.R.D. at 156.

Plaintiff must provide such detailed documentary evidence before the Court can award fees or costs.  Plaintiff has not done so here.

4

Accordingly:

Plaintiff's motion for default judgment, dkt. # 14 is hereby **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The motion is **GRANTED** with respect to the injunctive relief Plaintiff seeks, and the Defendant is hereby **ENJOINED** from discriminating against individuals with disabilities. The Defendant is **ORDERED** to remediate its participation on websites, including http://hotelnorthwoods.com/, htttp://www.choicehotels.com, www.agoda.com, and reservations.com to bring them in compliance with federal regulations.
Defendant shall review carefully the DOJ guidelines regarding ADA website compliance. Defendant shall provide the subject websites with information sufficient and photographs sufficient to make clear whether the hotel contains ADA-compliant rooms, grab bars, handicapped parking spaces, ramps, and other facilities. Defendants shall also identify on these websites the accessible rooms in the hotel and whether they are available for booking in the same way that they advertise other rooms;

2. The motion is **GRANTED** with respect to the Court finding that Plaintiff is entitled to attorneys fees and costs; and

3. The motion is **DENIED** with leave to renew with respect to the amount of fees and costs to which the Plaintiff is entitled. If Plaintiff seeks such relief, Plaintiff shall file a renewed motion within thirty days of the date of this order. Failure to file a motion that provides an amount and basis for the fees sought

by the time required by the Court will cause the Court to consider any such claim for relief abandoned. The Court will then direct the Clerk of Court to close the case.

**IT IS SO ORDERED**

_____
Thomas J. McAvoy
Senior, U.S. District Judge

Dated: July 2, 2021