**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SAIM SARWAR,**

                      **Plaintiff,**

    vs.                                                      **8:20-CV-1387**
                                                               **(TJM/ATB)**

**LAKE PLACID HOTEL PARTNERS, LLC,**
**A New York Corporation,**

                      **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## ORDER

This case involves Plaintiff's claims that Defendant, a hotel, violated the Americans with Disabilities Act ("ADA") by failing to provide a detailed and accurate description of facilities available to persons with disabilities on websites where patrons could book rooms. Plaintiff served the Complaint, but Defendant did not answer. After the Clerk of Court entered default, Plaintiff filed a motion for default judgment that sought injunctive relief and attorneys fees and costs. See dkt. # 14. The Court granted that motion in part and denied the motion in part. See dkt. # 17. The Court granted the motion with respect to the injunctive relief, found that Plaintiff was entitled to recover fees and costs, but denied the motion with leave to renew with respect to the amount of fees and costs. Id. The Court found that Plaintiff had not provided sufficient documentation to determine whether the fees and costs sought were reasonable. Id.

1

Plaintiff has now filed a motion that documents the fees and costs sought that includes documentation. See dkt. # 18. Plaintiff seeks $400 in filing fees, $140 for service of process, $1300 in fees for investigation of the sites in question before and after the injunction, and $5,270 in attorneys fees. Id. Counsel seeks fees at a rate of $425 and hour. Id. Plaintiff's counsel provides a resume and affidavit explaining the costs charged. Id. According to his affidavit, Plaintiff's counsel has been an attorney since 2006 and is a member in good standing in the state bars of Georgia, New York, Maryland, District of Columbia, and New Jersey. See dkt. # 18-8 at ¶ 1. He represents that he has handled "hundreds" of ADA cases in his career. Id. at ¶ 2. The billing records counsel provides indicate he spent 12.4 hours working on the case. See dkt. # 18-9. At an hourly rate of $425, he seeks $5,270 in fees.

The question here is the amount of fees and costs available to the Plaintiff in this matter. Plaintiff seeks attorneys fees pursuant to 42 U.S.C. § 12205, which permits a "prevailing party" in a case brought pursuant to the ADA to recover a "reasonable attorney's fee." 42 U.S.C. § 12205. "A prevailing party is a party who 'obtained an enforceable judgment, consent decree, or settlement giving some of the legal relief sought.'" Hofler v. Family of Woodstock, Inc., 2012 U.S. Dist. LEXIS 20756, at *4 (N.D.N.Y. Feb. 16, 2012) (quoting Buckhannon Bd. & Care Home., Inc v. W. Virginia Dept. of Health & Human Res., 532 U.S. 598, 602 (2001)). A party who prevails must demonstrate that the "requested fee is reasonable." Id. In determining whether a fee request is reasonable, the court is to "'determin[e] the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multipl[y] the two figures together to obtain a presumptively reasonable fee award.'" Id. at *5 (quoting Porzig v.

2

Dresdner, Leinwort, Benson, N.Am.LLc, 497 F.3d 133,141 (2d Cir. 2007) (alteration in original)).  A court deciding whether the fee is reasonable can 'look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" Id.  The court begins with that calculation of the presumptively reasonable award, but can adjust the award based on a variety of factors:

> The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at *6 (quoting Hainsley v. Eckerhart, 461 U.S. 424, 430 n.1 (1983)).

The Court has already found that Plaintiff is a prevailing party and entitled to reasonable fees and costs.  The Plaintiff has provided adequate documentation of costs which are reasonable, and the Court will award them.  The question here is whether the requested attorneys fees are reasonable.  In establishing the presumptively reasonable award, the Court must begin by calculating the appropriate hourly rate. Plaintiff's counsel seeks $425/hour for his hourly rate.

The Court finds that counsel's rate should be a rate equivalent to those of partners with considerable experience, based on the facts provided above. Courts in this District have found that a reasonable rate for work for an experienced partner is between $250 and $350 an hour.  Baudin v. Res. Mktg. Corp., LLC, 2020 U.S. Dist. LEXIS 193416, at *6-7 (N.D.N.Y. Oct. 19, 2020) (citing Doe v. Cornell Univ., No. 3:17cv402, 2019 U.S. Dist. LEXIS 62986, 2019 WL 1567535, *7 (N.D.N.Y. Apri. 11, 2019); Cruz v. Sal-mark

Restaurant Corp., no. 17-CV-0815, 2019 U.S. Dist. LEXIS 13529, 2019 WL 355334, *7 (N.D.N.Y. Jan. 28, 2019); Premium Sports, Inc. v. Nichols, No. 3:17cv741, 2018 U.S. Dist. LEXIS 124206, 2018 WL 3574870, *9 (N.D.N.y. July 25, 2018); Parish v. Kosinski, No. 17-CV-0344, 2018 U.S. Dist. LEXIS 20134, 2018 WL 1475222, *5 (N.D.N.Y. Feb. 5, 2018)).

Plaintiff seeks a higher rate that might be paid in another district, rather than the customary rate in this forum. The Second Circuit Court of Appeals has addressed this issue:

> when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule. In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result. In determining whether a litigant has established such a likelihood, the district court must consider experience-based, objective factors. Among the objective factors that may be pertinent is counsel's special expertise in litigating the particular type of case, if the case is of such a nature as to benefit from special expertise. A litigant cannot overcome the presumption by relying on the prestige or "brand name" of her selected counsel. Lawyers can achieve prestige and fame in numerous ways that do not necessarily translate into better results. The party seeking the award must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result. Unless these limitations are observed, the award of attorney's fees would not respect what we described in *Arbor Hill* as the "touchstone" of the doctrine, "that district courts should award fees *just high enough* to attract competent counsel" 493 F.3d at 121. Among ways an applicant may make such a showing is by establishing that local counsel possessing requisite skill were unwilling or unable to take the case, or by establishing, in a case requiring special expertise, that no in-district counsel possessed such expertise.

Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 175-76 (2d Cir. 2009) (quoting Arbor Hill Concerned Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 121 (2d Cir. 2007)).

Applying these factors here, the Court finds that the requested out-of-district fee is

4

not reasonable.  The Court will instead apply the appropriate local fee of $350/hr for attorneys of the experience of Plaintiff's counsel in establishing the presumptively reasonable rate.  The Court notes that counsel has not offered any detailed explanation for why an out-of-district fee is necessary, and has not directly addressed these factors.  Plaintiff has addressed the twelve factors outlined above.  That briefing points out that the sort of case here is unique, and that few attorneys have created a practice of bringing cases to test ADA compliance.  The Court considers the unique nature of the case in awarding a rate at the high end for experienced partners in this district, and finds that a rate higher than the customary rate in the district is not necessary because a reasonable client would not have selected out-of-district counsel because doing so would likely have produced a substantially better net result.  The injunctive relief obtained took some skill, but does not represent a highly technical degree of knowledge that few attorneys in this District would possess.  The judgment here obtained also came after a default, which every attorney in this district would likely be able to handle.  In the end, the Court finds that a higher fee would not be necessary to attract competent counsel.

     Having found the presumptively reasonable award, the Court must now determine whether to adjust the award based on the factors related above.  Having considered those factors, the Court will adjust only for the lowered hourly rate.  The Court notes that the case itself may have been fairly complicated to initiate, but the case ended up being decidedly simple to litigate.  The matter ended in default judgment, which any competent lawyer can achieve.  The hours spent on the work done were not excessive,[1] and the

---

[1] The Court notes that 2.9 hours of the proposed fees were consumed by preparing the fee petition, which represents the largest single expense sought.  Counsel prepared

Court considers the fee, adjusted to reflect the local hourly rate, to be reasonable. Plaintiff had sought $5,270.00 in fees for 12.4 hours of work. The Court will reduce that to $4,340.00 for 12.4 hours of work.

Accordingly:

The Plaintiff's motion for attorneys fees and costs, dkt. # 18, is hereby **GRANTED**. Judgement is hereby ordered for the Plaintiff in the amount of $6,180, as follows:

| | | | |
|---|---|---|---|
| 1. | $400.00 | | (filing fee) |
| 2. | $140.00 | | (service fees) |
| 3. | $650.00 | | (inspection fee) |
| 4. | $650.00 | | (post-judgment inspection fee) |
| 5. | $4,340.00 | | (attorneys fees) |

_____

Total       $6,180.00

**IT IS SO ORDERED**

Dated: March 21, 2022

Thomas J. McAvoy
Senior, U.S. District Judge

---

the fee petition pursuant to the Court's order. The Court is reluctant to reduce fees charged on a document produced at the Court's order. At the same time, the Court ordered counsel to file the document because counsel apparently was not aware that courts do not award fees without documentation, a lack of knowledge simple research would have cured. The Court also notes that the proposed order that counsel supplied met the requirements of the local rules; the Court informs counsel, however, that a proposed order need not contain long recitations of legal standards under most circumstances.